UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELANA M. CRUZ-HERNANDEZ,

                        Plaintiff,

          -against-                    **REPORT AND RECOMMENDATION**
                                                                        18 CV 6353 (LDH) (CLP)
ANDREW M. SAUL,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

       On November 8, 2018, plaintiff Elana M. Cruz-Hernandez commenced an action against the Commissioner of Social Security ("the Commissioner"), alleging that she was wrongfully denied Social Security Disability Benefits ("benefits"). On February 12, 2020, the Honorable LaShann DeArcy Hall granted plaintiff's motion for judgment on the pleadings.

       Currently pending before this Court on referral from the Honorable LaShann DeArcy Hall is plaintiff's motion for 1) approval of plaintiff's agreement with her attorney that she would pay her attorney 25% of past due benefits payable to her based on the contingency that past due benefits be awarded pursuant to 42 U.S.C. § 406(b); and 2) an order directing the Social Security Administration to pay an attorney's fee of $32,930 out of the past due Social Security Disability benefits payable to Ms. Cruz-Hernandez for the period from April 2015 to March 2021. Plaintiff is entitled to a credit of the $7,131.95 already received by her attorneys as Equal Access to Justice Act attorney fees and as such plaintiff's counsel seeks a net fee of $25,798.05. For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be granted and that the Social Security Administration be ordered to disburse attorney's fees of $32,930 from plaintiff's past due benefits.

1

FACTUAL BACKGROUND

On November 8, 2018, plaintiff commenced an action seeking benefits against the Commissioner of the Social Security Administration ("SSA"), claiming that she suffered a disability due to various physical ailments. (Compl.[1] ¶ 4). Plaintiff alleged that, despite establishing entitlement to benefits by submitting medical evidence to the defendant, she was denied benefits throughout the administrative process of seeking them. (Id. ¶¶ 5, 7). Plaintiff appeared at a hearing before an Administrative Law Judge who issued an unfavorable written decision on October 3, 2017 denying the claim for benefits. Plaintiff then sought review by the Social Security Appeals Council. On January 12, 2018, the Appeals Council issued a denial of the request for review and thus, plaintiff has exhausted all administrative procedures available to her in seeking these benefits. (Compl. ¶¶ 5–6).

Following the commencement of this action on November 8, 2018, plaintiff filed a motion for judgment on the pleadings on July 11, 2019. That motion was granted by the district court on February 12, 2020. (See ECF Nos. 14, 22). On May 13, 2020, plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (See ECF No. 23). On January 5, 2021, the original motion for fees was withdrawn and plaintiff was awarded $7,131.95 in attorney's fees pursuant to the EAJA. (See ECF No. 28). On May 15, 2021, plaintiff's counsel filed a motion pursuant to 42 U.S.C. § 406(b), requesting that the court approve plaintiff's contingent fee agreement with her attorney pursuant to which he was to receive 25% of past due benefits payable to plaintiff, and ordering the Social Security Administration to pay $32,930 to plaintiff's counsel. (Pl. Mot.[2] ¶ 2). The Commissioner has

---

[1] Citations to "Compl." refer to the Complaint, filed November 8, 2018, ECF No. 1.
[2] References to "Pl. Mot." refer to plaintiff's motion for approval of her attorney agreement and for attorney's fees, filed May 15, 2021, ECF No. 29.

2

submitted a letter to the Court stating that, while he defers to the Court's judgment in awarding attorney's fees, this amount might represent a windfall. (Gov. Resp.[3] at 2).

DISCUSSION

**A. Legal Standard**

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment." 42 U.S.C. § 406(b). Thus, the court must determine whether the requested fees are reasonable. Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990); see also Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

Moreover, if the requested fee is based on a contingency fee arrangement, it should be enforced unless the arrangement is unreasonable. Wells v. Sullivan, 907 F.2d at 372. To determine whether a fee is "unreasonable," courts consider: (1) whether the contingency percentage is within the 25% cap (see, e.g., Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that 42 U.S.C. § 406(b), which limits fees that may be awarded to attorneys who successfully represent claimants to 25% of past-due benefits, "does not displace contingent-fee agreements" so long as they are within the statutory ceiling)); (2) whether there has been fraud or overreaching in making the agreement; and (3) whether the requested amount is so large as to be a "windfall to the attorney." Wells v. Sullivan, 907 F.2d at 372.

---

[3] Citations to "Gov. Resp." refer to the Commissioner's Response to plaintiff's motion for attorney's fees, filed May 20, 2021, ECF No. 33.

3

Finally, Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure mandates that attorneys must file motions for attorney's fees pursuant to § 406(b) within fourteen days. Courts in the Second Circuit, however, have ruled that this fourteen-day window begins upon counsel's receipt of the Social Security Administration's calculation of benefits. Diberardino v. Commissioner of Soc. Sec., No. 117 CV 2868, 2020 WL 6746828, at *2 (E.D.N.Y. Nov. 17, 2020) (citing Sinkler v. Berryhill, 932 F.3d 83, 87–88 (2d Cir. 2019)).

**B. Analysis**

The Social Security Administration awarded plaintiff $131,720 in disability benefits for the period from April 2015 through March 2021. (Pl.'s Decl.[4] ¶ 19). Plaintiff's counsel now seeks 25% of those benefits, or $32,930, in attorney's fees. (Id. ¶ 29). Counsel notes that plaintiff is entitled to credit for the $7,131.95 of attorney's fees awarded in the court's January 5, 2021 order, and that plaintiff's counsel would ultimately receive $25,798.05 in fees. (Id. ¶ 42).

Plaintiff's counsel seeks fees on behalf of the two attorneys who worked on the matter: Christopher Bowes and David Kuznicki. Mr. Bowes, who has been retained by plaintiff since March 8, 2019, has 25 years of experience in Social Security litigation and claims to have performed 28.6 hours of work on the case. (Id. ¶¶ 12, 15, 38). Mr. Kuznicki has been retained by plaintiff since the initial filing of the case on November 8, 2018 and performed 5.4 hours of work on the case.[5] (Id. ¶¶ 11, 15). Plaintiff's counsel thus seeks $32,930 in fees for 34 hours of work, or $968.53 per hour.

---

[4] Citations to "Pl.'s Decl." refer to Christopher Bowes' declaration in support of plaintiff's motion for approval of the contingent fee agreement, filed May 15, 2021, ECF No. 30.

[5] Mr. Kuznicki's experience is not set forth in the documents provided, but the Court notes that he has "frequently appeared in Social Security matters." Michaels v. Colvin, No. 12 CV 9213, 2016 WL 4126008, at *1 (S.D.N.Y. June 28, 2016), report and recommendation adopted sub nom. Michaels v. Commissioner of Soc. Sec., No. 12 CV 9213, 2016 WL 4131834 (S.D.N.Y. Aug. 1, 2016).

4

In the memorandum of law in support of plaintiff's motion for attorney's fees, counsel notes that the Supreme Court rejects using a lodestar method to calculate attorney's fees in Social Security cases and recommends the approval of contingent fee agreements unless "there is reason to question the terms of the agreement itself or the character of the representation provided." (Pl.'s Mem.[6] at 4 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002))). The Commissioner, while not taking a position on the motion for fees, has raised the issue as to whether this amount represents a windfall. (Gov. Resp. at 2).

The fees sought by plaintiff's counsel are within the range of what courts in the Second Circuit have found to be reasonable. Counsel points to cases in which hourly rates of over $980 have been approved when "the quality of the representation warranted such an award." (Pl.'s Mem. at 5). See, e.g., Polanco v. Saul, No. 16 CV 9532, 2020 WL 5569692, at *2–3 (S.D.N.Y. Feb. 25, 2020) (approving an effective hourly rate of $1,000); Nieves v. Colvin, No. 13 CV 1439, 2017 WL 6596613, at *2–3 (S.D.N.Y. Dec. 26, 2017), report and recommendation adopted, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018) (approving an effective hourly rate of $1,009.11); Torres v. Colvin, No. 11 CV 5309, 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) (approving Mr. Bowes's $1,000 hourly rate).

The cases cited by plaintiff demonstrate that courts consider the legal analysis and advocacy performed by counsel when evaluating the quality of representation. In approving the hourly rate of $1,000, the court in Polanco v. Saul noted that "plaintiff's counsel drafted a motion for judgment on the pleadings, which required legal research and extensive citation to a 433-page administrative record." Polanco v. Saul, 2020 WL at 5569692, at *2. The court in Nieves v. Colvin approved a $1,009.11 hourly rate for similar reasons, noting that "counsel

---

[6] Citations to "Pl.'s Mem." refer to plaintiff's memorandum of law in support of plaintiff's motion for attorney's fees, filed May 17, 2021, ECF No. 32.

5

wrote a detailed and extensive memorandum of law outlining cogent arguments for a remand. The briefing was effective in prompting the remand and achieved the greatest possible success for the claimant. Thus, the award is in line with the character and results of the representation." Nieves v. Colvin, No. 2017 WL at 6596613, at *2, report and recommendation adopted, No. 13 CV 1439, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018). Similarly, Mr. Bowes and Mr. Kuznicki submitted well-reasoned motion papers in the instant case and were successful in reversing the Commissioner's denial of plaintiff's benefits.

In a May 20, 2021 letter to the court, the Social Security Commissioner argued that $32,930 in fees "might represent a windfall" and would thus be unreasonable. A windfall occurs when an award for fees is large in comparison to the amount of time spent on the case. (Gov. Resp. at 2–3 (citing Gisbrecht v. Barnhart, 535 U.S. at 808)). The Commissioner cites multiple cases in which courts have adjusted attorney's fees to less than 25% of past due benefits to result in a lower *de facto* hourly rate. See, e.g., Toto v. Commissioner, No. 15 CV 0522, 2021 WL 1341628, at *2–3 (E.D.N.Y. April 9, 2021) (reducing rate from $980.03 to $700.00); Patruno v. Berryhill, No. 18 CV 6082, 2021 WL 1091900, at *1 (E.D.N.Y. Mar. 22, 2021) (reducing rate from $1,214.54 to $550.00); Mohammed v. Commissioner of Soc. Sec., No. 17 CV 4892, 2020 WL 5640398, at *2 (E.D.N.Y. Sept. 22, 2020) (reducing rate from $988.14 to $500.00); Savage v. Commissioner, No. 15 CV 5774, 2020 WL 3503218, at *2 (E.D.N.Y. Jan. 24, 2020) (reducing fee to result in a *de facto* hourly rate of $700.00). Plaintiff's counsel in these cases, however, did not bring a comparable level of experience or efficiency to their work. The attorney in Toto v. Commissioner, for example, was vague about the number of years he had been licensed as an attorney or how long he had specialized in Social Security law, and the case took six years to litigate—twice as long as the instant case. See 2021 WL at 1341628, at *1. The same attorney,

6

Charles E. Binder, was counsel for plaintiff in Patruno v. Berryhill and, again, neglected to mention his experience in his fee application. See Patruno v. Berryhill, 2021 WL at 1091900, at *1. By contrast, plaintiff's counsel points to their years of experience in Social Security litigation as justification for receiving a full 25% of past due benefits as attorney's fees. (Pl.'s Decl. ¶ 38).

Finally, the amount and quality of the work performed by counsel in Mohammed v. Commissioner is distinguishable from the instant case. The parties in Mohammed stipulated to have the case remanded for further administrative proceedings. 2020 WL at 5640398, at *1. By contrast, in the instant case, plaintiff's counsel was required to file a motion for judgment on the pleadings which the Commissioner opposed, and the district court held oral argument before issuing its decision to remand the case to an administrative law judge. (See ECF Nos. 14, 16, 22). Litigation of this dispute has thus required more complex legal research and advocacy than what was required in Mohammed v. Commissioner, where the Commissioner stipulated to remand without the need for extensive litigation.

In the instant case, counsel's advocacy for their client's interests and the work they were required to do much more closely resembles the cases where courts awarded hourly rates over $980. Accordingly, the Court respectfully recommends a finding that Mr. Kuznicki's and Mr. Bowes' decades of experience and efficient litigation of this case entitle them to attorney's fees of a full 25% of past due benefits. This award is appropriate because higher *de facto* hourly rates have been approved in this Circuit and these fees do not exceed the 25% cap for contingency percentages established by the Supreme Court in Gisbrecht v. Barnhart. 535 U.S. at 807.

CONCLUSION

As discussed above, the Court respectfully recommends that the plaintiff's motion be granted. The Court further recommends that an Order issue directing the Social Security Administration to approve and disburse $32,930 out of the past-due Social Security Disability benefits payable to Ms. Cruz-Hernandez for the period from April 2015 through March 2021 as attorney's fees under 42 U.S.C. § 406(b). Due to Ms. Cruz-Hernandez's credit for the attorney's fees already awarded under the EAJA, plaintiff's counsel would receive a net award of $27,798.05 under this Order.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: August 30, 2021
    Brooklyn, New York

／s／ *Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York